## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Bridget Jones** )<br>          **Plaintiff** )<br> )<br>vs. )<br> )<br>**St. Louis Public Schools Foundation.** 0<br> )<br> )<br> )<br>          **Defendants.** ) | Case No. _____<br>          **Jury Trial Demanded** |

## COMPLAINT

Comes now Bridget Jones ("Plaintiff"), by and through her undersigned attorney, The Cason Law Practice and Laninya A. Cason, and for her Complaint against Defendant St. Louis Public Schools Foundation ("SLPSF"), states as follows:

## **PARTIES**

1. The Plaintiff is a resident and citizen of the State of Missouri. The Plaintiff was at all times relevant herein an employee of the Defendant.

2. Plaintiff was employed by Defendant SLPSF from July 26, 2021, to May 15, 2022.

3. At all times relevant herein, Defendant SLPSF operated under the color of state law subject to the common law of the state of Missouri as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.* (Title VII), and 42 U.S.C. § 1981.

4. Defendant SLPSF maintains offices at 801 North 11th Street in the City of Saint Louis, State of Missouri.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331; Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000 et seq.; and 42 U.S.C. §1981.

6. Venue is proper in the District Court of the Eastern District of Missouri pursuant to 28 U.S.C. §1391. The Defendant is located in the City of St. Louis, State of Missouri.

## ADMINISTRATIVE PROCEDURES

7. On July 05, 2022, the Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission against the Defendant, SLPSF. (Attached hereto as "Plaintiff's Exhibit 1").

8. It is the policy of both the EEOC and the Missouri Commission on Human Rights to cross file with the other agency all charges received. The Plaintiff has no reason to believe that this policy was not followed in this case.

9. On September 16, 2022, the Plaintiff received a Notice of Right to Sue from the EEOC. (Attached hereto as "Plaintiff's Exhibit 2). This lawsuit is filed within 90 days of the issuance of same.

10. The Plaintiff has exhausted her administrative remedies and has timely filed administrative charges of discrimination against the Defendant.

11. Plaintiff proceeds herein alleging discrimination based upon race and hostile work environment.

2

## **FACTS**

12. The Plaintiff is a 48-year-old African American female who received her MBA from Webster University.

13. Members of the SLPSF Selection Committee interviewed the Plaintiff for the position of President and CEO.

14. At all times relevant herein, on July 26, 2021, SLPSF hired the Plaintiff as its Chief Executive Officer to run the day-to-day operations of the Foundation.

15. On or about July 19, 2021, about a week before the Plaintiff started with SLPSF, Tammy Taylor, a board member of SLPSF, told the Plaintiff that the members of the SLPSF Selection Committee and other board members did not believe a Black person could do the job and that the only person that would be successful in the position is a White female.

16. On at least 4-5 occasions after the Plaintiff was hired with SLPSF, she was told by Tammy Taylor that a White female was better suited for the Plaintiff's position.

17. Upon information and belief, Kathy Reeves, who was also on the SLPSF Selection Committee, told the members that a Black female could not adequately fulfill the role of CEO and that an older White lady was better suited.

18. At all times relevant herein, the Plaintiff was subjected to a hostile work environment which included being berated in board meetings by board members Pete Warner and Todd Bauer.

19. On or about October 2, 2021, at a donor appreciation event, SLPSF board member Pete Warner grabbed and squeezed the Plaintiff's hand tightly and yanked her in toward him and gave her a menacing stare.  It is alleged that this behavior was a

    result of the Plaintiff giving directions to a White female employee of SLPSF who had initially been vetted for the Plaintiff's position.

20. The Plaintiff made complaints to and advised the SLPSF board President Tamila Taylor and other board members about the discriminatory behavior exhibited toward her because she was an African American woman in her position.

21. Board president Tamila Taylor agreed that the work environment and treatment of the Plaintiff was untenable, but no action was taken to address the Plaintiff's concerns.

22. That during her tenure with SLPSF, the Plaintiff never received a workplace evaluation or other performance review.

23. That based on the racial workplace discrimination, the Plaintiff tendered her resignation to SLPSF board member Tammy Taylor on April 22, 2022 and her last day was May 13, 2022.

## COUNT I

## RACE DISCRIMINATION UNDER TITLE VII 42 U.S.C. 2000e2 AND THE MISSOURI HUMAN RIGHTS ACT

COMES NOW, Plaintiff, and for her cause of action against the Defendant for violations of Title VII, 42 U.S.C. §2000e-2(a)(1)(2) and the Missouri Human Rights Act states as follows:

24. Plaintiff incorporates each and every allegation as set forth in paragraphs 1-23 of this Complaint as set forth above.

25. Since at least July 26, 2021, the Defendant has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. §2000e-2(a)(1)(2) by subjecting the Plaintiff to a racially hostile work environment.

26. The result of the foregoing practices has been to deprive the Plaintiff of equal employment opportunities because of her race, African American.

27. The unlawful employment practices complained of in paragraph 25 were intentional.

28. The unlawful employment practices complained of in paragraph 25 were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

29. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, economic damages in the form of lost wages, lost benefits, lost retirement contributions, lost future income and impaired future earning capacity and other consequential damages unknown at this time.

30. Defendants' actions were done with actual malice, or with a conscious disregard for the federally protected rights of Plaintiff, and therefore justify the imposition of punitive damages under both Federal and Missouri law.

**WHEREFORE**, Plaintiff, Bridget Jones, prays for the following relief against the Defendant SLPSF:

A. Grant a permanent injunction enjoining the Defendant, its officers, members of its Board of Directors, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race.

B. Order the Defendant to make whole the Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, pain and

suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

C. Order the Defendant to pay the Plaintiff punitive damages for its malicious conduct or reckless indifference described above, in amounts to be determined at trial.

D. Grant such further relief as the Court deems just and necessary.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

<u>The Cason Law Practice, LLC</u>
/s/Laninya A. Cason #48430
2 Park Place
Swansea, IL  62226
618-210-2850 Fax:618-234-9933
lcason@thecasonlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby further certifies that a true and correct copy of the above pleading was served via electronic mail on December 16, 2022.