## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRIDGET JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22CV1348 JAR |
| ) | |
| ST. LOUIS PUBLIC SCHOOLS ) | |
| FOUNDATION, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 7]. Plaintiff filed her response in opposition. The Motion is fully briefed and ready for disposition. For the reasons set forth below, Defendant's Motion will be granted.

### **Background and Facts**

On December 16, 2022, Plaintiff Bridget Jones filed this employment discrimination action against Defendant St. Louis Public School Foundation alleging one count of race discrimination, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1)(2) and the Missouri Human Rights Act (MHRA). Plaintiff alleges Defendant's violations deprived her of equal employment opportunities because of her race, subjected her to a racially hostile work environment and caused her to suffer in the form of emotional distress, economic damages in the form of lost wages, lost benefits, lost retirement contributions, lost future income and impaired future earning capacity, and other consequential damages. Plaintiff seeks injunctive relief, and compensatory and punitive damages.

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Complaint, in pertinent part, alleges the following:[1]

Plaintiff is an African American female, who was interviewed by the members of Defendant's Selection Committee for the position of President and Chief Executive Officer (CEO). On July 26, 2021, Defendant hired Plaintiff as its CEO to run its day-to-day operations.

Prior to being hired in this position, Plaintiff alleges that on July 19, 2021, Tammy Taylor, one of Defendant's board members, told her that Defendant's Selection Committee and other board members did not believe a Black person could do the job and that the only person who could do the job was a White female. After being hired, Tammy Taylor told her on at least four to five occasions that a White female was better suited for Plaintiff's position.

At all times relevant to her Complaint, Plaintiff was also subjected to a hostile work environment by being berated at board meetings by Defendant's board members.

Plaintiff made complaints to Tamila Taylor, Defendant's Board President, and other board members about the discriminatory behavior exhibited to her because she was an African American woman in her position. Tamila Taylor agreed that the work environment and treatment of Plaintiff was untenable, but no action was taken to address her concerns. Based on the above behavior, Plaintiff resigned as CEO on April 22, 2022, and her last day of work was May 13, 2022.

On July 5, 2022, Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) against Defendant. On September 16, 2022, the Plaintiff received a Notice of Right to Sue from the EEOC.

---

[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Complaint and accepted as true for purposes of this motion only. *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017).

2

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

**Discussion**

As explained in further detail below, the Court finds Plaintiff's Complaint as plead is entirely insufficient, failing to state a claim upon which relief can be granted pursuant to Rule

12(b)(6).

Receipt of EEOC's Notice of Right to Sue Letter

There is no dispute between the parties that Plaintiff's Title VII claims must be filed within ninety days of her receipt of the EEOC's Notice of Right to Sue letter (EEOC Letter) under Title 42 U.S.C. § 2000e–5(f)(1). However, there is a dispute about when the date of receipt occurred. Plaintiff's Complaint states, "On September 16, 2022, the Plaintiff received a Notice of Right to Sue from the EEOC. (Attached hereto as "Plaintiff's Exhibit 2[")].$^2$ This lawsuit is filed within 90 days of the issuance of the same." As Defendant correctly points out, her Complaint was filed on December 16, 2022, which is ninety-one days after the receipt of the EEOC letter. While Plaintiff attempts to cure the Complaint's flaws in her response by correcting the date that she received the EEOC Letter, the Court is bound by the allegations in the Complaint. Failure to file a timely civil action warrants dismissal of the complaint. *See, e.g., Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984).

Right to Sue Letter from the Missouri Commission on Human Rights (MCHR)

In order to pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. § 213.075(1). In addition, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (citing Mo. Rev. Stat. §§ 213.075, 213.111(1)). A right-to-sue letter from the EEOC does not give rise to a

---

$^2$ Although Plaintiff asserts that she attached Exhibits 1 and 2 to her Complaint, she failed to do so.

right-to-sue under the MHRA, and Plaintiff must first receive a right-to-sue letter from the MCHR. *Whitmore v. O'Connor Mgmt. Inc.*, 156 F.3d 796, 800 (8th Cir. 1998).

Plaintiff's Complaint does not allege that she adjudicated her claim through the MCHR or received the MCHR Notice of Right to Sue letter as required, and failure to do so requires dismissal. *See, e.g., Gillespie v. Charter Communications*, 31 F. Supp. 3d 1030, 1033 (E.D. Mo. 2014) (citing *Holland v. Sam's Club*, 487 F.3d 641, 643-44 (8th Cir. 2007)).

<u>Definition of an "Employer" Under Title VII and MHRA</u>

Defendant next asserts that Plaintiff failed to sufficiently allege facts necessary to establish Defendant as an "employer" under Title VII and the MHRA. The Court agrees.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…" 42 U.S.C. § 2000e(b). The MHRA's definition of employer includes as "a person engaged in an industry affecting commerce who has six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and shall include the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state but does not include corporations and associations owned or operated by religious or sectarian organizations." Mo. Rev. Stat. § 213.010(8).

Plaintiff's Complaint does not allege any facts, including the number of employees, to establish Defendant as an "employer" under Title VII and the MHRA, and thus, fails to state a claim.

<u>Failure to Exhaust</u>

Lastly, Defendant argues that Plaintiff's allegations should be dismissed for being untimely and failing to exhaust administrative remedies because Plaintiff's Charge of

5

Discrimination contained only bare conclusions and lacked any factual allegations whatsoever, failing to put Defendant on notice of the substance of her claims. Plaintiff failed to respond to these claims.

The Court previously warned Plaintiff about a ruling in favor of Defendant after she did not respond to the instant motion. On February 27, 2023, the Court ordered her to show cause why she did not respond [ECF No. 11]. The Court cautioned that failure to do so would result in the Court ruling on Defendant's unopposed Motion to Dismiss and/or possible dismissal of this action for failure to prosecute. Plaintiff requested two extensions to respond, filing her response to some of Defendant's claims on March 29, 2023. It should be noted that Defendant filed its reply nearly three months ago on April 7, 2023, and at no point has Plaintiff requested leave to amend her Complaint.

## Conclusion

Because of the multiple deficiencies throughout her Complaint, the Court has no choice but to dismiss Plaintiff's Complaint, which as plead is clearly insufficient. Therefore, the Court will grant Defendant's Motion to Dismiss. The case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice.

A separate Judgment will accompany this Memorandum and Order.

Dated this 19th day of July, 2023.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**